In the Matter of HAZEL H. HOLMES, Respondent, against EDNA S. CAPEWELL et al., Constituting the Board of Education of the City of Yonkers, Respondents-Appellants; JULIE D. TATE, Intervener, Respondent, and FRIEDA LOPIDUS, Intervener, Appellant.— In a proceeding under article 78 of the Civil Practice Act to compel the reinstatement of petitioner to the position of telephone operator, intervener-appellant appeals from the order granting the application and dismissing her counterclaim, and respondents-appellants appeal from parts thereof. Order, insofar as appealed from, reversed on the law, without costs, the application denied, and the relief demanded in intervener-appellant's answer granted, without costs. In 1927 the intervener-appellant Lopidus was duly appointed to the position of telephone operator in the Board of Education of the City of Yonkers, after having passed an open competitive examination therefor and having been certified as eligible by the Municipal Civil Service Commission. In 1928 she was transferred by the Superintendent of Schools to the position of registrar in one of the public schools and to fill the vacancy thus created the intervener-respondent Tate was appointed telephone operator from the same eligible list. In 1936, another examination was held for the position of telephone operator. The petitioner Holmes passed the examination and in December, 1936, she was appointed to the position from the new list which was promulgated. The parties served continuously in these positions until 1943. In that year a proceeding for reinstatement was instituted against the Board of Education by one Trager, who had been suspended from her position as registrar when six such positions were abolished. Trager's proceeding was based upon the claim that Lopidus had been illegally transferred to the position of registrar in 1928. This contention was sustained at Special Term, and the Board of Education in obedience to the court's decision, at a special meeting in May, 1943, reinstated Trager to her former position. At the same meeting, the services of Holmes were terminated, and Lopidus was assigned to the position of telephone operator. Holmes then commenced the instant proceeding against the Board of Education, claiming that she had been unlawfully removed. Lopidus thereafter was given leave to intervene and to bring in Tate as a party. In her answer and as a counterclaim Lopidus asked that the action of the Board of Education in removing the petitioner be sustained; that Lopidus be restored to the position held by Tate, who had succeeded her; and that Tate be transferred to the position held by petitioner. In our opinion, this relief should have been granted. Justice and fair dealing require that the Board of Education restore Lopidus to the position from which it had illegally transferred her. Her equities are manifestly superior to those of the other individuals involved, and she should not be penalized for the unlawful acts of her superiors. The case is indistinguishable from *Matter of Stryker* v. *Bd. of Education of City of N. Y.* (250 App. Div. 319, affd. 274 N. Y. 620) where a similar result was achieved. Since the peti-

tioner's appointment was subsequent to the interveners', her services were properly terminated. However, her name should be entered upon a preferred eligible list as provided by section 31 of the Civil Service Law. Hagarty, Acting P. J., Carswell, Johnston, Adel and Lewis, JJ., concur. Settle order on notice.